UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FERRANTINO, | No. 2:18-cv-2338 KJM DB PS |
| Plaintiff, | |
| v. | ORDER |
| WORLD PRIVATE SECURITY, INC; WALMART STORES, INC., | |
| Defendants. | |

Plaintiff Anthony Ferrantino is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's motion to transfer and defendant Walmart Inc.'s answer. (ECF Nos. 13 & 17.)

I.  **Plaintiff's Motion to Transfer**

On June 25, 2019, plaintiff filed a motion to transfer this matter to the Northern District of California. (ECF No. 13.) The one-page motion states in a vague and conclusory manner that the transfer is "in consideration of . . . better conservation of court's time and resources[.]" (Id.) The motion, however, was not noticed for hearing as required by Local Rule 230.

Moreover, pursuant to 28 U.S.C. § 1404(b), a federal court is authorized to transfer an action from one district to another, upon motion, consent, or stipulation of all parties. The court

may transfer an action to any district where it might have been brought "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); Ventress v. Japan Airlines, 486 F.3d 1111, 1118 (9th Cir. 2007).

However, the moving party must first establish that the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a). "This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been proper if the plaintiff had filed the action in the district to which transfer is sought." Catch Curve, Inc. v. Venali, Inc., Case No. CV 05-2820 DDP (AJWx), 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006); see Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960). If plaintiff makes the necessary showing, the court must consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see Szegedy v. Keystone Food Prod., Inc., No. CV 08-5369 CAS (FFMx), 2009 WL 2767683 (C.D. Cal. Aug. 26, 2009) (citing Los Angeles Mem'l Coliseum Comm'n v. N.F.L., 89 F.R.D. 497, 499 (C.D. Cal. 1981)).

Here, plaintiff's motion makes no attempt to make the necessary showing. Accordingly, plaintiff's motion will be denied without prejudice to renewal.

**II.    Defendant's Answer**

Because defendant has filed an answer, the undersigned finds good cause to set this matter for a Status (Pretrial Scheduling) Conference.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 25, 2019 motion to transfer (ECF No. 13) is denied without prejudice to renewal.

2. A Status (Pretrial Scheduling) Conference is set for **Friday, April 10, 2020, at 10:00 a.m.** at the United States District Court, 501 I Street, Sacramento, California, in Courtroom No. 27 before the undersigned.

3. All parties are required to appear at the Status Conference, either by counsel or, if proceeding in propria persona, on his or her own behalf. Any party may appear at the status conference telephonically if the party pre-arranges such appearance by contacting Pete Buzo, the

courtroom deputy of the undersigned magistrate judge, at (916) 930-4128, no later than 48 hours before the Status (Pretrial Scheduling) Conference; a party may not appear telephonically over a cellphone.

    4. Plaintiff shall file and serve a status report on or before **March 27, 2020**, and defendant shall file and serve a status report on or before **April 3, 2020**. Each party's status report shall address all of the following matters:

    a.    Progress of service of process;

    b.    Possible joinder of additional parties;

    c.    Possible amendment of the pleadings;

    d.    Jurisdiction and venue;

    e.    Anticipated motions and the scheduling thereof;

    f.    Anticipated discovery and the scheduling thereof, including disclosure of expert witnesses;

    g.    Future proceedings, including the setting of appropriate cut-off dates for discovery and for law and motion, and the scheduling of a final pretrial conference and trial;

    h.    Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action;

    i.    Whether the case is related to any other case, including matters in bankruptcy;

    j.    Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge, waiving any disqualification by virtue of her so acting, or whether they prefer to have a Settlement Conference before another magistrate judge;

    k.    Whether the parties intend to consent to proceed before a United States Magistrate Judge; and

    l.    Any other matters that may aid in the just and expeditious disposition of this action.

////

////

////

////

////

5. The parties are cautioned that failure to file a status report or failure to appear at the status conference may result in an order imposing an appropriate sanction. <u>See</u> Local Rules 110 and 183.

Dated: February 21, 2020

/s/ Deborah Barnes<br>
DEBORAH BARNES<br>
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ferrantino2338.trans.ossc.ord